**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE, SITTING AT GREENEVILLE**

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-CR-65 |
| | ) | |
| EMORY Q. JACKSON. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO SUPPRESS THE FRUITS OF AN
UNCONSTITUTIONAL STOP AND SEARCH**

Comes now Defendant, EMORY Q. JACKSON (hereinafter referred to as "Defendant"), by and through counsel, and states as follows:

Pursuant to the Fourth Amendment of the United States Constitution, individuals are protected from law enforcement's execution of unreasonable searches and seizures of their person, their homes, and their effects. Warrantless searches and seizures "are *per se* unreasonable ... subject only to a few specifically established and well delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). If an officer fails to have a warrant or satisfy one of the warrant exceptions, their discovery must be suppressed as "fruits" of an illegal search. *See Wong Sun v. United States*, 371 U.S. 471 (1963).

The stop of the vehicle in which Defendant was a passenger on August 7, 2020, constitutes a constitutional violation. "Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]." *United States v. Perez*, 440 F.3d 363, 369 (6th Cir. 2006) (citing *Whren v. United States*, 517 U.S. 806, 809-810 (1996)). If there is probable cause to believe a traffic violation had occurred, the officer's actual motivation is immaterial. *Id.* at 370. However, there was no traffic violation in this case.

Alternatively, a brief investigatory stop, though warrantless, is reasonable when the detaining officer has a reasonable suspicion supported by specific and articulable facts that a criminal offense has been or is about to be committed. *Terry v. Ohio*, 392 U.S. 1, 20-23 (1968). A *Terry* post-detention investigation must be "reasonably related in scope to the circumstances which justified the interference in the first place." *Terry*, 392 U.S. at 20. The detention "must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500 (1983). If "the time, manner or scope of the investigation exceeds" the ambit of reasonableness, a constitutionally permissible stop may be transformed into one which violates the Fourth Amendment. *United States v. Childs*, 256 F.3d 559, 564 (7th Cir. 2001). An ordinary traffic stop is like an investigative detention, the scope of which is governed by *Terry* principles. *United States v. Hill*, 195 F.3d 258, 264 (6th Cir.1999) (citations omitted). For purposes of determining whether reasonable suspicion exists, the court must consider the totality of circumstances to determine whether the detaining officer had an "objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citations omitted). At no time relevant hereto were there any specific, articulable, and objective facts to indicate that a criminal offense had been or was about to be committed in this cause. Thus, all evidence obtained as a result of the August 7, 2020, stop should be suppressed as fruit of the poisonous tree.

Defendant has standing to challenge the August 7, 2020, vehicle stop even though he was only a passenger. The Supreme Court held in *Brendlin v. California*, 551 U.S. 249 (2007), that a passenger of a motor vehicle possesses the same standing of the driver to challenge the constitutionality of a traffic stop. *See also United States v. Perez*, 440 F.3d 363, 369 (6th Cir. 2006); *United States v. Ellis*, 497 F.3d 606, 612 (6th Cir. 2007). The government has the burden of proof to justify a warrantless search. *United States v. Haynes*, 301 F.3d 669, 677 (6th Cir. 2000).

Any statements made as a result of a faulty detention must be suppressed. *See Brown v. Illinois*, 422 U.S. 590, 604 (1975); *Taylor v. Alabama*, 459 U.S. 687, 694 (1982). Furthermore, Defendant was not given *Miranda* warnings prior to being detained and asked questions, thus, any statements made prior to being Mirandized should be suppressed as a product of custodial interrogation. *See United States v. Jimenez-Robles*, 98 F. Supp. 3d 906, 913 (E.D. Mich. 2015) "in the absence of a formal arrest, in determining whether the defendant was in custody, the court must decide [by considering the totality of circumstances] whether a reasonable person would have felt 'at liberty to terminate the interrogation and leave'" (citations omitted).

WHEREFORE, Defendant prays that all evidence from the above-described traffic stop and subsequent search be suppressed, and for such other relief to which he may prove himself entitled.

Respectfully submitted,

s/J. Russell Pryor

_____
J. RUSSELL PRYOR,
Attorney for Defendant
206 S. Irish St.
Greeneville, TN 37743
(423) 639-0255

CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/J. Russell Pryor

_____
J. RUSSELL PRYOR