# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE, SITTING AT GREENEVILLE

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) Case No. 2:20-CR-65 |
| | ) |
| EMORY Q. JACKSON. | ) |

## MOTION TO EXCLUDE EVIDENCE OF PRIOR AND/OR OTHER ACTS

Comes now Defendant, EMORY Q. JACKSON (hereinafter referred to as "Defendant"), by and through counsel, and states as follows:

1. On or about August 7, 2020, Johnson City police stopped a vehicle in which Defendant was a passenger and searched Defendant's person and a bag in his possession. The officers found a glass methamphetamine pipe in Defendant's bag, and later discovered that Defendant also possessed and then used methamphetamine while in the interview room at police headquarters.

2. In the Criminal Complaint (Doc. 3, p. 2, ¶ 3) that initiated this cause, the arresting officer stated that he knew Defendant had an outstanding warrant for shoplifting and criminal trespass.

3. The arresting officer stated in a state court document that Defendant "had sold illegal narcotics in the past."

4. Defendant has previously been convicted of a variety of felony and misdemeanor offenses.

5. For the following reasons, the evidence described in paragraphs 1-4 herein above should be excluded from the trial of this cause.

    a. Such evidence is completely irrelevant, and any attempt by the government to introduce same would be in violation of Fed. R. Evid. 401 and 402.

    b. If the Court were to deem any of the above-described evidence as having probative value, it is clear that the government's use thereof would be intended to create unfair prejudice in the jury and a confusion of the issues. Thus, Fed. R. Evid. 403 dictates exclusion of said evidence.

c. In conjunction, Fed. R. Evid. 404(b) and 609 strictly limit what evidence may be presented at a trial in relation to prior or other bad acts. The above-described evidence, and the other and/or prior acts of Defendant involved therein, does not fit within the very limited circumstances that would render such evidence admissible under Fed. R. Evid. 404(b) and/or 609, even if Defendant were to testify.

WHEREFORE, Defendant prays that the evidence described herein above be excluded from the trial of this cause, and for such other relief to which he may prove himself entitled.

Respectfully submitted,

s/J. Russell Pryor

_____
J. RUSSELL PRYOR,
Attorney for Defendant
206 S. Irish St.
Greeneville, TN 37743
(423) 639-0255

CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/J. Russell Pryor

_____
J. RUSSELL PRYOR