UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **2:20-CR-65** |
| Plaintiff, ) | |
| vs. ) | |
| EMORY JACKSON, ) | |
| Defendant. ) | |

**ORDER**

On November 10, 2020, the Court held a hearing on the Joint Motion to Continue the Deadlines and Extend the Objection Period for the Report and Recommendations [Doc. 35] filed by counsel in this cause. In the Motion, counsel noted that a Report and Recommendation [Doc. 34] was filed on October 31, 2020, with objections being due on November 6, 2020 and responses to any objections being due on November 13, 2020. The Motion further notes that counsel was to advise the Court by November 6, 2020 of any prior and/or other acts it intended to introduce at trial in relation to Defendant's Motion to Exclude Evidence of Prior and/or Other Acts [Doc. 23]. Counsel jointly requested an additional 14 days to prepare objections, averring that COVID-19 has delayed defense counsel's opportunity to review the Report and Recommendation with Defendant and notifying the Court that a transcript from the October 13 hearing was not yet available when the Joint Motion was filed. The parties also requested the same additional 14 days to resolve evidentiary issues raised in Defendant's Motion to Exclude Evidence of Prior and/or Other Acts. The Court finds the motion to be well-taken and it [Doc. 35] is **GRANTED**.

Counsel shall have through November 24, 2020 to file objections to the Report and Recommendation and shall then have through December 8, 2020 to file any response to those objections. The Court also extends the parties' deadline through November 24, 2020 to advise the Court of any remaining evidentiary issues pertaining to Defendant's Motion to Exclude Evidence of Prior and/or Other Acts. Acknowledging that these extensions would be incompatible with other current deadlines, the parties requested a continuance of the trial date.

The parties have shown good cause to grant the relief requested, which includes the requested continuance. Notwithstanding the exercise of due diligence, counsel needs additional time to prepare objections to this Court's Report and Recommendation, engage in plea negotiations, and prepare for trial. The Court offered to set the trial within the confines of the Speedy Trial Act, but the parties requested that it be set outside the Act for the reasons set forth above and due to calendaring issues. The Court finds it appropriate to set this matter outside the confines of the Act, granting counsel's oral motion, especially in light of the short time outside the Act on which the new trial date is set.

The Court sets the following deadlines for this matter:

| New Scheduling Dates | |
|---|---|
| Trial Date | **February 11, 2021 at 9:00 a.m.**<br>**Senior U.S. District Judge**<br>**J. Ronnie Greer** |
| Estimated length of trial | **2 days** |
| Plea Deadline | **January 28, 2021** |
| Requests for Special Jury Instructions | **5 days before trial** |

For the reasons stated above, all time between the filing of this order and the new trial date identified above is hereby declared "excludable time" under the Speedy Trial Act. The ends of justice served by the granting of this continuance outweigh the best interests of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

If any Defendant and the United States enter into plea negotiations which prove successful, a fully executed plea agreement shall be filed on or before the plea deadline identified above with an exact copy simultaneously furnished to the chambers of the district judge. All provisions in the Order on Discovery and Scheduling not explicitly amended by this order shall remain in effect.

SO ORDERED:

s/ Cynthia Richardson Wyrick  
United States Magistrate Judge