## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE, SITTING AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-CR-65 |
| | ) | |
| EMORY Q. JACKSON. | ) | |

### OBJECTION TO REPORT AND RECOMMENDATION (DOC. 34)

Comes now Defendant, EMORY Q. JACKSON (hereinafter referred to as "Defendant"), by and through counsel, and states as follows:

### RELEVANT FACTS

On or about August 7, 2020, Johnson City, Tennessee, police stopped a vehicle in which Defendant was a passenger. A more detailed description of said vehicle stop is of record in this cause in the Criminal Complaint (Doc. 3), in paragraph 3 on pages 2-3, wherein one of the arresting officers swore that the vehicle was stopped because Defendant had an outstanding arrest warrant. The officers did not possess said warrant or serve same upon Defendant (Transcript, Doc. 39, p. 18). In actuality, the real reason for the stop was that the officers had been informed by a paid confidential informant that Defendant was in possession of a firearm, and the officers knew Defendant is a convicted felon (Transcript, Doc. 39, pp. 6, 14, 28).

As a result of said vehicle stop, a warrantless search of the vehicle, the person of Defendant, and Defendant's backpack was conducted by the officers, without the consent of Defendant, resulting in the seizure of various items of personal property. The officers seized the firearm described in Count One of the Indictment (Doc. 14), which was found in the vehicle's center console (Transcript, Doc. 39, pp. 10-11; Hearing Exhibit 1). The officers also seized drug paraphernalia which was found in Defendant's backpack and the passenger seat (Hearing Exhibit 2 at 4:38-6:58).

Defendant timely moved the Court to suppress the firearm and the drug paraphernalia, claiming that they were the fruits of an unconstitutional stop of the vehicle, as well as an unconstitutional search of the vehicle, Defendant's person, and Defendant's backpack (Motion to Suppress Fruits of an Unconstitutional Search, Docs. 21-22). Within his motion and supporting memorandum, Defendant also sought suppression of certain statements made by him both during and subsequent to the vehicle stop/search. As to suppression of the firearm and drug paraphernalia found during the stop and search, the United States Magistrate has recommended that Defendant's motion be denied (Report and Recommendation, Doc. 34).

### ARGUMENT

Pursuant to the Fourth Amendment of the United States Constitution, individuals are protected from law enforcement's execution of unreasonable searches and seizures of their person, their homes, and their effects. Warrantless searches and seizures "are *per se* unreasonable ... subject only to a few specifically established and well delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). If an officer fails to have a warrant or satisfy one of the warrant exceptions, their discovery must be suppressed as "fruits" of an illegal search. *See Wong Sun v. United States*, 371 U.S. 471 (1963).

The stop of the vehicle in which Defendant was a passenger on August 7, 2020, constitutes a constitutional violation. "Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]." *United States v. Perez*, 440 F.3d 363, 369 (6ᵗʰ Cir. 2006) (citing *Whren v. United States*, 517 U.S. 806, 809-810 (1996)). If there is probable cause to believe a traffic violation had occurred, the officer's actual motivation is

immaterial. *Id.* at 370. However, there was no traffic violation in this case (Transcript, Doc. 39, pp. 18-19).

Alternatively, a brief investigatory stop, though warrantless, is reasonable when the detaining officer has a reasonable suspicion supported by specific and articulable facts that a criminal offense has been or is about to be committed. *Terry v. Ohio*, 392 U.S. 1, 20-23 (1968). A *Terry* post-detention investigation must be "reasonably related in scope to the circumstances which justified the interference in the first place." *Terry*, 392 U.S. at 20. The detention "must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500 (1983). If "the time, manner or scope of the investigation exceeds" the ambit of reasonableness, a constitutionally permissible stop may be transformed into one which violates the Fourth Amendment. *United States v. Childs*, 256 F.3d 559, 564 (7th Cir. 2001). An ordinary traffic stop is like an investigative detention, the scope of which is governed by *Terry* principles. *United States v. Hill*, 195 F.3d 258, 264 (6th Cir.1999) (citations omitted). For purposes of determining whether reasonable suspicion exists, the court must consider the totality of circumstances to determine whether the detaining officer had an "objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citations omitted). At no time relevant hereto were there any specific, articulable, and objective facts to indicate that a criminal offense had been or was about to be committed in this cause. Thus, all evidence obtained as a result of the August 7, 2020, stop and search should be suppressed as fruit of the poisonous tree.

Defendant has standing to challenge the August 7, 2020, vehicle stop even though he was only a passenger. The Supreme Court held in *Brendlin v. California*, 551 U.S. 249 (2007), that a passenger of a motor vehicle possesses the same standing as the driver to challenge the constitutionality of a traffic stop. *See also United States v. Perez*, 440 F.3d 363, 369 (6th Cir. 2006);

*United States v. Ellis*, 497 F.3d 606, 612 (6th Cir. 2007). The government has the burden of proof to justify a warrantless search. *United States v. Haynes*, 301 F.3d 669, 677 (6th Cir. 2000). Here, the government has failed to meet its burden.

In determining that the vehicle stop was not unconstitutional, the United States Magistrate relied upon *United States v. White*, 162 Fed. App'x. 520 (6th Cir. 2006). However, this case is factually distinguishable from *White*. The officers in *White* actually possessed the warrant for White's arrest, and they arrested White on the warrant immediately upon stopping his vehicle. *Id.* at 521-522. Here, the officers did not possess the arrest warrant, nor did they serve the warrant upon Defendant (Transcript, Doc. 39, pp. 18-19). The officers merely "had knowledge" that the warrant existed (Transcript, Doc. 39, p. 7). Thus, Defendant would argue that *White* does not support denial of his motion to suppress. The officers' stop of the vehicle in this case was a mere pretext to search the vehicle, based upon information provided by paid confidential informant (Transcript, Doc. 39, pp. 6, 14, 28). As such, the stop of the vehicle violated the Fourth Amendment to the United States Constitution.

WHEREFORE, Defendant objects to the Report and Recommendation (Doc. 34); prays that the Motion to Suppress Fruits of an Unconstitutional Search, Docs. 21-22) that he filed in this cause be granted by the Court, upon *de novo* hearing; and prays for such other and further relief to which he may prove himself entitled.

Respectfully submitted,

s/J. Russell Pryor

_____
J. RUSSELL PRYOR,
Attorney for Defendant
206 S. Irish St.
Greeneville, TN 37743
(423) 639-0255

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/J. Russell Pryor

_____

J. RUSSELL PRYOR