# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE, SITTING AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-CR-65 |
| | ) | |
| EMORY Q. JACKSON. | ) | |

## JOINT NOTICE REGARDING OUTSTANDING EVIDENTIARY ISSUES

After conferring regarding the issues presented by Defendant in his Motion to Exclude Prior and/or Other Acts (Doc. 23) and the government's response thereto (Doc. 33), the government and Defendant, by and through the undersigned counsel, hereby agree as follows:

1. Defendant will stipulate that, prior to August 7, 2020, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

   a. Given Defendant's stipulation, the parties agree that any reference to Defendant's specific prior convictions shall be excluded from evidence at the trial of this matter.

   b. The parties agree the fact that the confidential informant, Melissa Gunter, knew on the day of Defendant's arrest that Defendant is a convicted felon is admissible, but any evidence in that regard shall be strictly limited in accordance with paragraph 1.a. herein above.

   c. Notwithstanding paragraph 1.a. herein above, if Defendant chooses to testify at trial, at that time, a determination will be made by the Court as to what prior conviction(s) of Defendant, if any, can be used for impeachment purposes upon application of Fed. R. Evid. 609.

2. The parties agree that any testimony by law enforcement officers or any other witness that she/he has knowledge of or a belief that Defendant sells or has previously sold narcotics of any variety shall be excluded from evidence at the trial of this matter. Any similar statement shall be redacted from any document to be offered into evidence. The audio of Officer Jeff Legault's body

camera video shall be edited by the government to mute the audio at 4:20-4:23.

      3. Until the District Judge rules on the objects to the Report and Recommendation, the parties reserve discussion of and the right to present to the Court any evidentiary issues arising from particular questions, answers, and/or statements made by Defendant and/or law enforcement officers during their interview of Defendant at the police headquarters. If the District Judge overrules the government's objects to the Report and Recommendation, the video of the interview, testimony regarding the interview, and testimony regarding any particular questions/answers/statements made during the interview shall be excluded from evidence at the trial of this matter.

      4. Until the District Judge rules on the objects to the Report and Recommendation, the parties reserve discussion of and the right to present to the Court any evidentiary issues arising from particular questions, answers, and/or statements made by Defendant and/or law enforcement officers at the scene of the investigation (i.e., roadside after the vehicle in which Defendant was traveling was stopped by law enforcement officers). If the District Judge overrules the government's objects to the Report and Recommendation, testimony regarding any particular questions/answers/statements made at such time and place shall be excluded; Officer Jeff Legault's body camera video shall be edited by the government at the following locations: *8:27-11:30*, 11:51-12:03, 16:16-16:20, and 30:56-31:16; and Officer Mike Barron's body camera video shall be edited by the government at the following locations: *3:56-11:59* and 15:32-15:40. As to editing the body camera footage, the parties agree that in some instances simply muting the audio will suffice, and in other instances a complete deletion of the audio and video will be necessary (those portions have been italicized and underlined).

      5. The parties agree any evidence regarding the prospect that the tires in the back of the confidential informant's truck might have been be stolen shall be excluded from evidence at the trial

of this matter. Officer Jeff Legault's body camera video shall be edited by the government to mute the audio at 32:33-33:34 and 34:09-34:49.

6. The parties remain in dispute as to the admissibility of the fact that Defendant had outstanding warrants for his arrest when the vehicle in which Defendant was traveling was stopped by law enforcement officers. Thus, this evidentiary issue must be resolved by the Court. However, the parties agree the nature of the outstanding charges (shoplifting/criminal trespass) should be excluded from evidence at the trial of this matter. The outstanding warrants were mentioned in the law enforcement officers' affidavits in both state and federal court. The issue is also mention at 5:21-5:27 of Officer Jeff Legault's body camera video and at 4:39-4:45 of Officer Mike Barron's body camera video.

7. The parties agree that the drug paraphernalia in Defendant's possession should be excluded from evidence at the trial of this matter.

a. The drug paraphernalia can be clearly seen and is discussed in Officer Jeff Legault's body camera video at 5:28-6:59 and in Officer Mike Barron's body camera video at 3:55-4:15. The body camera footage shall be edited by the government to deleted both the audio and video at these locations.

b. The drug paraphernalia can also be seen but is not discussed in numerous other portions of both body camera videos. The drug paraphernalia is visible in Officer Jeff Legault's body camera video at 5:28-6:59, 7:28-7:29, 7:39-7:40, 14:11-14:12, 15:11, 15:36-16:06, 16:22-16:23, and 16:31-the end. The instances in Officer Barron's body camera video are at 6:02-10:44, 12:10-12:11, 12:49, 13:52-13:58, 15:08-15:10, 15:39-15:41, and 16:14-the end. The body camera videos shall be edited by the government so as to blur/obscure the drug paraphernalia at said locations.

8. The parties agree that any evidence regarding Defendant's possession and use of

methamphetamine at police headquarters shall be excluded from evidence at the trial of this matter.

Respectfully submitted this the 22nd day of December, 2020.

        J. DOUGLAS OVERBEY,
        United States Attorney

        By: s/KATERI L. DAHL
        _____
        KATERI L. DAHL
        Special Assistant U.S. Attorney
        D.C. BAR #: 888241224
        220 West Depot Street, Ste. 423
        Greeneville, TN 37743
        kat.dahl@usdoj.gov
        (423) 639-6759

        s/J. RUSSELL PRYOR
        _____
        J. RUSSELL PRYOR,
        Attorney for Defendant
        B.P.R. #: 018188
        206 South Irish Street
        Greeneville, TN 37743
        jrussellpryor@comcast.net
        (423) 639-0255