# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE, SITTING AT GREENEVILLE

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) Case No. 2:20-CR-65 |
| | ) |
| EMORY Q. JACKSON. | ) |

## SECOND JOINT NOTICE REGARDING OUTSTANDING EVIDENTIARY ISSUES

After further conferring regarding the various evidentiary issues, the government and Defendant, by and through the undersigned counsel, hereby agree as follows:

1. There is a dispute between the parties regarding the admissibility of evidence relating to Defendant's possession of firearms on occasions other than that mentioned in the Indictment (Doc. 14). The government has obtained new discovery relating to this issue that has not yet been provided to Defendant.

2. Inasmuch as the District Judge sustained the government's objections to the Report and Recommendation, paragraphs 3 and 4 of the parties' first Joint Notice Regarding Outstanding Evidentiary Issues (Doc. 55) are now inapplicable.

3. The parties still agree that the drug paraphernalia (i.e., a pipe or a soda bottle used as a "bong") in Defendant's possession should be excluded from evidence at the trial of this matter. However, in light of the Court's ruling as to the admissibility of Defendant's roadside statements, the body camera recordings of the officers should be edited by the government as follows.

a. There is discussion of drug paraphernalia (i.e., a glass pipe and a soda bottle used as a "bong") in Officer Jeff Legault's body camera recording at 4:37-4:45, 4:54-4:55, and 6:49-6:52, and in Officer Mike Barron's body camera recording at 3:55-4:15. The recordings shall be edited by the government so as to mute the audio at said locations, if not otherwise deleted as described herein

below.

      b. The pipe can be seen in Officer Legault's hand at 5:40-5:43 and 6:44-6:57 in his body camera recording and at 6:03-6:16 in Officer Barron's body camera recording. Both the video and audio shall be deleted from the recordings by the government at these locations.

      c. The pipe can be seen repeatedly elsewhere throughout the officers' body camera recordings. Except as otherwise provided herein above, the body camera recordings of Officer Legault and Officer Barron shall be edited by the government in the manner and at the locations indicated in paragraph 7.b. of the parties' first Joint Notice Regarding Outstanding Evidentiary Issues (Doc. 55).

      d. During the questioning of Defendant by the officers at 8:27-11:30 of Officer Legault's body camera recording, the pipe is visible multiple times. Said portion of Officer Legault's body camera recording shall be edited by the government so as to blur/obscure the drug paraphernalia.

      e. To whatever degree this paragraph conflicts with paragraph 7 of the parties' first Joint Notice Regarding Outstanding Evidentiary Issues (Doc. 55), the instructions of this paragraph shall prevail.

      4. At 10:43-10:44 of Officer Legault's body camera recording and at 10:01-10:02 of Officer Barron's body camera recording, Defendant mentions being on bond in another case. The audio of the recordings shall be edited by the government so as to mute them at said locations.

      5. The audio of Officer Barron's body camera recording shall be muted by the government at 11:50-11:59, so as to prevent the jury from hearing Officer Barron's inadmissible statement to another officer that Defendant might attempt to flee at headquarters.

      6. The government agrees that, at trial, it will not use any portion of the video recordings (5 MP4 files in total) of Defendant at police headquarters, other than the interview of Defendant by

Officer Legault found in discovery in an MP4 video file entitled "ch03_20200807112512." The interview is located at 34:34-48:20 of said video file. There remain disputes between the parties as to particular questions/answers/statements made during the interview, and those will be addressed with the Court at the hearing scheduled for 11:00 on March 1, 2021.

Respectfully submitted this the 28th day of February, 2021.

J. DOUGLAS OVERBEY,
United States Attorney

By: s/KATERI L. DAHL
_____
KATERI L. DAHL
Special Assistant U.S. Attorney
D.C. BAR #: 888241224
220 West Depot Street, Ste. 423
Greeneville, TN 37743
kat.dahl@usdoj.gov
(423) 639-6759


s/J. RUSSELL PRYOR
_____
J. RUSSELL PRYOR,
Attorney for Defendant
B.P.R. #: 018188
206 South Irish Street
Greeneville, TN 37743
jrussellpryor@comcast.net
(423) 639-0255