IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE, SITTING AT GREENEVILLE

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) Case No. 2:20-CR-65 |
| | ) |
| EMORY Q. JACKSON. | ) |

**SUPPLEMENT TO**
**MOTION TO EXCLUDE EVIDENCE OF PRIOR AND/OR OTHER ACTS (DOC. 23)**

Comes now Defendant, by and through counsel, and supplements the Motion to Exclude Evidence of Prior And/or Other Acts (Doc. 23) he previously filed in this cause. In discovery in an MP4 video file entitled "ch03_20200807112512," there is an interview of Defendant by Officer Jeff Legault of the Johnson City Police Department at police headquarters. The interview is located at 34:34-48:20 of said video file. The parties have agreed that nothing prior to 34:34 nor after 48:20 in said recording will be used at trial (Doc. 65, Second Joint Notice Regarding Outstanding Evidentiary Issues, pp. 2-3, ¶6). Defendant moves to exclude the following portions of said video:

1. 35:15-35:18 - There is a statement by Defendant, elicited by Officer Legault, that makes it clear that Defendant has had prior encounters with law enforcement. It would suffice for the government to edit said portion of the video so as to mute the audio prior to presenting it to the jury.

2. 40:45-41:18 - Officer Legault makes statements and elicits responses from Defendant regarding prior gun possession by friends of Defendant and Defendant, as well as eliciting a statement by Defendant that he was out of jail on bond at that time. Said portion of the video should be completely deleted by the government prior to presenting the video to the jury.

3. 41:50-43:50 - Defendant and Officer Legault discuss the potential for Defendant to "help," suggesting involvement in and/or knowledge of other crimes, and Officer Legault discusses prior encounters with Defendant. Said portion of the video should be completely deleted by the

government prior to presenting the video to the jury.

    4. <u>44:18-48:20</u> - Officer Legault makes statements and elicits responses from Defendant regarding prior gun possession, the possibility of Defendant being involved in car thefts, possessing stolen property, having drug paraphernalia when he was arrested, and using methamphetamine at police headquarters. Defendant's association with other persons potentially involved in criminal activity is also mentioned during these discussions. Said portion of the video should be completely deleted by the government prior to presenting the video to the jury.

    5. For the following reasons, the evidence described in paragraphs 1-4 herein above should be excluded from the trial of this cause.

    a. Such evidence is completely irrelevant, and any attempt by the government to introduce same would be in violation of Fed. R. Evid. 401 and 402.

    b. If the Court were to deem any of the above-described evidence as having probative value, it is clear that the government's use thereof would be intended to create unfair prejudice in the jury and a confusion of the issues. Thus, Fed. R. Evid. 403 dictates exclusion of said evidence.

    c. In conjunction, Fed. R. Evid. 404(b) and 609 strictly limit what evidence may be presented at a trial in relation to prior or other bad acts. The above-described evidence, and the other and/or prior acts of Defendant involved therein, does not fit within the very limited circumstances that would render such evidence admissible under Fed. R. Evid. 404(b) and/or 609, even if Defendant were to testify.

    WHEREFORE, Defendant prays that the evidence described herein above be excluded from the trial of this cause, and for such other relief to which he may prove himself entitled.

Respectfully submitted,

s/J. Russell Pryor

_____
J. RUSSELL PRYOR,
Attorney for Defendant
206 S. Irish St.
Greeneville, TN 37743
(423) 639-0255

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/J. Russell Pryor

_____
J. RUSSELL PRYOR