UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-CR-65 |
| EMORY Q. JACKSON, | ) ) ) ) |
| Defendant. | ) |

**ORDER**

On February 22, 2021 and March 1, 2021, the Court held a hearing on evidentiary issues contained in Defendant's Motion to Exclude [Doc. 23] and Supplement [Doc. 66] as well as those contained in jointly filed Notices [Docs. 55 and 65] advising the Court of remaining evidentiary issues. The Court addresses these remaining evidentiary issues pursuant to 28 U.S.C. § 636(b).

I. **PROCEDURAL HISTORY**

Defendant initially filed his Motion to Exclude [Doc. 23] on September 23, 2020. Thereafter, the United States filed a Response [Doc. 29]. Following an evidentiary hearing in which several pending motions were addressed, the Court entered an Order [Doc. 33] that directed the parties to file a notice of the issues raised in Defendant's Motion to Exclude that remained unresolved. The parties filed a Joint Notice Regarding Outstanding Evidentiary Issues on December 22, 2020, noting that certain issues raised therein would not be ripe for resolution until a ruling was made by the District Court on this Court's Report and Recommendation [Doc. 55]. The District Court has now entered an Order addressing the Report and Recommendation such that the outstanding issues raised in Defendant's Motion to Exclude and Supplement are in a posture for resolution.

On February 22, 2021 the Court began a hearing on these remaining evidentiary issues. During the hearing, the Court considered whether portions of the audio recording from the traffic stop that led to Defendant's arrest were admissible at trial. Specifically, defense counsel argued that portions of the audio recording from the traffic stop addressing the fact that Defendant had an outstanding warrant for unrelated criminal charges at the time of the stop, and/or any testimony regarding that issue, should be excluded pursuant to Rules 403 and 404.

After hearing arguments from the parties addressing the issue, the Court inquired as to whether the parties had conferred regarding what additional evidentiary issues needed to be resolved by this Court following entry of the District Court's Order addressing this Court's Report and Recommendation. They advised that they had not. As a result, the Court recessed the evidentiary hearing until March 1, 2021 ordering the parties to confer and determine what evidentiary issues were outstanding in light of the District Court's Order and to file a joint notice outlining such issues for the Court. [Doc. 62].

During the recess, the parties jointly filed their Notice Regarding Outstanding Evidentiary Issues [Doc. 65]. Additionally, Defendant filed a Supplement [Doc. 66] to his original Motion to Exclude in which he more specifically addressed the outstanding evidentiary issues. When the hearing reconvened, the Court heard brief argument from the parties as to the admissibility of segments of the audio recording from Defendant's post-arrest interview at police headquarters but found that counsel had not actually discussed whether any agreement could be reached as to the remaining evidentiary issues they had identified. The Court briefly recessed the hearing and ordered counsel to confer. After reconvening the hearing on the same date, counsel advised the Court that they had resolved all evidentiary issues contained in their Joint Notice [Doc. 65]. The Court ordered counsel to file a stipulation post-hearing to memorialize the agreement reached. This

left for resolution only the issue of whether the Government should be precluded from introducing evidence at trial that Defendant had an outstanding warrant for his arrest on separate and unrelated charges at the time of the traffic stop giving rise to the instant charges.

II.     ANALYSIS

In addressing this issue, the Court first observes that evidence is admissible if it is relevant and not otherwise inadmissible pursuant to the Constitution, federal statute, the Federal Rules of Evidence, or other court rules. Fed. R. Evid. 402. Evidence is considered relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Sixth Circuit has characterized the rules of relevancy as being "extremely liberal." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009). The Sixth Circuit has further observed that it is not necessary for "each piece of evidence [to] directly prove or disprove an element of the offense." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020), *reh'g denied* (Dec. 30, 2020). Still, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The rules separately limit the admission of character evidence. *See* Fed. R. Evid. 404. Rule 404 specifies that evidence of a person's character is inadmissible "to prove that on a particular occasion the person acted in accordance with the character or trait" alleged. Fed. R. Evid. 404(a). Similarly, Rule 404(b)(1) prohibits "evidence of any other crime, wrong, or act" where admission of such evidence is sought to prove a person acted in accordance therewith. At the same time, the Court may admit evidence of past crimes or bad acts where such evidence is being used for a permissible purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge,

identity, absence of mistake, or lack of evidence." Fed. R. Evid. 404(b)(2). When the Government seeks to offer character evidence under a recognized exception the rules require that the Government:

> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> **(C)** do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).[1]

At issue here is whether evidence that Defendant faced an outstanding arrest warrant on unrelated charges at the time of the traffic stop at issue, referenced in the audio recordings of the stop and/or testimony as to that issue, should be inadmissible at trial. In support of exclusion, defense counsel avers that the admission of evidence that Defendant faced an outstanding arrest warrant on unrelated charges at the time of the traffic stop would be unduly prejudicial pursuant to Federal Rule of Evidence 403 and would further constitute impermissible character evidence pursuant to Federal Rule of Evidence 404, also contending that none of the exceptions permitting admission under the Rule are applicable. Defendant suggests that there are alternative ways of explaining the basis for the instant *Terry* stop which do not require disclosure of the fact that Defendant faced these additional charges. In response, the Government argues such evidence should be admitted because of the effect it will have on the listener. Building on that argument, the Government notes that this information is necessary to fully understand why the police took the action they did in conducting the *Terry* stop. The United States notes it is not attempting to

---

[1] The advisory notes to Rule 404 provide that the United States is obliged to give written notice that "must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose" even when a defendant has not made a specific request for the information. Fed. R. Evid. 404, Advisory Committee's notes to 2020 amendments.

introduce evidence of Defendant's unrelated pending charges for the purpose of proving that Defendant acted in accordance with past behavior but instead to demonstrate that officers had a proper purpose for initiating the stop at issue. At the same time, recognizing Defendant's legitimate concern, the United States notes it would not oppose a limiting jury instruction to guard against the jury using the information for impermissible purposes.

The Court first considers whether the evidence at issue is admissible under Rule 404. "To admit evidence under Rule 404(b), the trial court must follow three steps: (1) make a preliminary determination that enough evidence exists that the prior act actually occurred; (2) determine whether evidence of the other act is being offered for a proper purpose under Rule 404(b); and (3) determine whether evidence of the other act is more prejudicial than probative under Federal Rule of Evidence 403." *United States v. Thompson*, 690 F. App'x 302, 307 (6th Cir. 2017) (citing *United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001)).

As a preliminary matter, the Court asks whether there is enough evidence to demonstrate that there was an outstanding warrant for Defendant's arrest on other charges at the time of the traffic stop at issue. There appears to be no dispute about the existence of the warrant; therefore, the Court moves to step two of the analysis. !

Following the Sixth Circuit's guidance, the Court must then determine whether Rule 404 allows for the admission of this evidence for a legitimate purpose. The Sixth Circuit permits the admission of background evidence that would otherwise be inadmissible character evidence pursuant to Rule 404. *See United States v. Hardy,* 228 F.3d 745, 748 (6th Cir. 2000). The *Hardy* Court defines background evidence as evidence which "is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id*. The

Sixth Circuit in applying this definition of background evidence explained that it would not use an "expansive 'completes the story'" approach in considering whether evidence was exempted from Rule 404 exclusion. *United States v. Chalmers*, 554 F. App'x 440, 451 (6th Cir. 2014).

Whether evidence is characterized as Rule 404(b) evidence or as background evidence not subject to exclusion will depend on whether it is intrinsic to the instant charges. *United States v. Hofstetter*, No. 3:15-CR-00027 TAV-DCP, 2019 WL 5558570, at *2 (E.D. Tenn. Oct. 28, 2019) (citing *Chalmers*, 554 F. App'x at 449). Intrinsic evidence "requires a connection to the charged offense." *Hofstetter*, 2019 WL 5558570 at *2 (quoting *United States v. Adams*, 722 F.3d 788, 822 (6th Cir. 2013)). In *Chalmers* the Sixth Circuit examined whether evidence sought to be introduced had "close temporal, spatial, and causal proximity" to offense alleged when considering whether the evidence could be appropriately characterized as intrinsic for purposes of this exception. *Chalmers,* 554 F. App'x at 451 (determining that evidence of ten prior drug deals should not be excluded where they occurred in the two weeks immediately preceding the events from which defendant's charges arose and took place in the same location, with the same type of drug which was packaged in the same manner). In contrast, in considering whether the background evidence exception applies, a court in this District has previously held that audio recordings of conversations which took place months after alleged offenses occurred were not intrinsic and much of the recordings were to be excluded pursuant to Rule 404(b). *United States v. Barnes,* No. 3:13-CR-117-TAV-HBG, 2014 WL 5461843, at *4 (E.D. Tenn. Oct. 27, 2014), *aff'd,* 822 F.3d 914 (6th Cir. 2016). At the same time, even in that instance, the Court found that certain portions of the defendant's statements were admissible on other grounds. *Id. at *5.*

Here, Defendant seeks to exclude those portions of an audio recording of the *Terry* stop that culminated in Defendant's arrest which address the fact that he faced an outstanding warrant

for his arrest on unrelated charges at the time of the stop and/or testimony regarding that issue. Initially, the Court notes that the stop was based, in significant part, on the officers' knowledge of this arrest warrant. Evidence of the officers' knowledge of the arrest warrant on those outstanding charges bears close temporal, spatial, and causal proximity to the *Terry* stop which led to the discovery of the firearm that provided the basis for Defendant's arrest. While the existence of the outstanding arrest warrant does not bear directly on the charges at issue, it is the type of res gestae evidence that allows the Government to put the stop leading to the charges in the case at hand in context for the jury. For that reason, the Court does not find the evidence subject to exclusion pursuant to Rule 404.

Even where contested evidence is admissible pursuant to a Rule 404 exception, the Court must also consider whether exclusion is necessary pursuant to Rule 403. *United States v. Peete*, 781 F. App'x 427, 436 (6th Cir. 2019). The Rule 403 balancing test requires the Court to consider whether the probative value of the evidence sought to be admitted is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or the cumulative effect of evidence. Fed. R. Evid. 403. "The test is strongly weighted toward admission." *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018). The Rule 403 Advisory Committee notes explain that "[i]n reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction." Fed. R. Evid. 403 Advisory Committee's note to 1972 proposed rules.

The Court first notes that even if there may be another way for the Government to explain why the stop at issue was conducted, exclusion of evidence regarding Defendant's outstanding arrest warrant is not necessarily appropriate. *United States v. Asher*, 910 F.3d 854 (6th Cir. 2018). Where it is "exceedingly difficult for witnesses to relay a story without referencing preceding or

contemporaneous acts that are incidental but necessary to telling a cogent story, as it relates to the charges the defendant is facing…defendants are not entitled to a 'sanitized' recounting of the facts." *United States v. Gibbs,* 797 F.3d 416, 424 (6th Cir. 2015) (quoting 23 C.J.S. Criminal Law § 1126).

Undertaking this balancing approach, the Court observes that the arrest warrant was a primary basis for the stop. Here, the Court finds that it may be particularly important for the jury to have before it this piece of background information in assessing whether the officers at issue had a proper and credible basis for the stop. In so holding, the Court notes that while without question, the primary purpose for the officers' traffic stop was because they believed that Defendant, as a felon, was in possession of a firearm, the information about that possible possession came from a paid confidential informant. That Defendant faced an outstanding arrest warrant gave the officers a legitimate reason for initiating the stop that was independent of the information provided by the paid informant, adding an element to the story which cannot be provided utilizing any other facts. As a result, the Court cannot find that the potential for unfair prejudice to Defendant in admitting this evidence for the sole purpose of providing background information to the jury about this legitimate and independently verifiable reason used by officers to initiate the stop "substantially outweighs" its probative value, as is required in order to altogether exclude the evidence.

At the same time, this Court acknowledges that there is a degree of potential prejudice that may flow from introduction of this evidence at trial. Allowing the contested evidence to be admitted without a limiting instruction could risk the information being improperly used by the jury to define Defendant's character. The Court notes that these concerns have been partially addressed through the parties' agreement to exclude the specific nature of the charges which were

pending against Defendant for which the arrest warrant had been issued. The Court finds that the potential harm could be further addressed via Defendant seeking a limiting instruction from the District Court regarding this evidence. This Court concludes that evidence of Defendant's pending arrest warrant can properly be admitted in order to provide background information explaining why officers initiated the traffic stop that led to Defendant's arrest.

### III. CONCLUSION

For the reasons articulated above, Court does not find it appropriate to prohibit admission of evidence relating to Defendant's outstanding arrest warrant so long as it is offered for the sole purpose of putting into context the reason that officers initiated the *Terry* stop that led to Defendant's arrest on the instant charges. When offered for that purpose, the danger of unfair prejudice to Defendant by admission of the evidence does not substantially outweigh its probative value. This ruling in no way prevents Defendant's counsel from seeking from the District Court any limiting instruction Defendant deems appropriate. Accordingly, Defendant's Motion to Exclude [Doc. 23] is **DENIED** as to this evidentiary issue. By so ruling, the Court does not relieve the United States of the disclosure requirements imposed by Fed. R. Evid. 404(b)(3) should it wish to seek admission of this evidence at trial.

### IV. ISSUE RAISED BEFORE THE COURT DURING HEARING BUT NOT RIPE FOR RESOLUTION

During the hearing on the issues presently pending before the Court, the Court was advised that on Thursday, February 25, 2021 an officer provided the United States with videos and photographs allegedly posted by Defendant to his Facebook page which showed him to be in possession of firearms on dates other than the date which gave rise to the instant offense. Defendant's counsel had not yet had the opportunity to review the photographs and videos because he was provided with a thumb drive containing the images and videos immediately prior to the

hearing. Upon inquiry from the Court, the United States advised that the posts predated the events giving rise to the pending charge. It also appears that officers had the photographs and videos in their possession when Defendant was originally arrested based upon questions posed to Defendant during his questioning by officers on that date; however, as referenced above, these items were not provided to the U.S. Attorney's Office until February 25, 2021. The United States indicated it would likely attempt to admit the videos and photographs at the trial of this cause and that it was also considering whether to seek a superseding indictment.

Defendant's counsel indicated that he would likely be filing a motion related to the newly disclosed photographs and videos. Given that there is no motion yet pending before the Court addressing the issue, the Court advised the parties it would simply memorialize the fact that the issue had been brought to the Court's attention.

SO ORDERED:

s/Cynthia Richardson Wyrick
United States Magistrate Judge
