# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE, SITTING AT GREENEVILLE

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Case No. 2:20-CR-65 |
| ) | |
| EMORY Q. JACKSON. ) | |

## MOTION TO WITHDRAW AS DEFENDANT'S ATTORNEY

## AND NOTICE REGARDING TRIAL

Comes now J. Russell Pryor (hereinafter also referred to as "Counsel"), the undersigned and current attorney of record for Defendant, EMORY Q. JACKSON (hereinafter referred to as "Defendant"), and, in moving the Court for leave to withdraw from his representation of Defendant, would state as follows:

1. Since his initial appearance in this case, Defendant has been represented by Counsel, who was appointed by this Honorable Court (Doc. 11).

2. Until recently, Counsel had every reason to believe that his relationship with Defendant was on a positive footing. Counsel has met with Defendant on numerous occasions, by teleconference and in person, often for multiple hours at a time; has reviewed all of the discovery, and discussed it with Defendant at length; and has filed numerous motions and other legal pleadings on Defendant's behalf. Furthermore, Counsel has spent many hours readying himself for trial.

3. This morning Defendant and Counsel had a teleconference, during which Defendant clearly expressed his dissatisfaction with the representation provided by Counsel, calling into question Counsel's ability, professionalism, and ethics. Although it is clear Defendant desires that Counsel no longer represent him, it is unclear whether Defendant desires to represent himself or is requesting appointment of new counsel.

4. Because of the potential for injury to Defendant's best interests and the possibility of

breaching the attorney-client privilege, Counsel cannot repeat the statements made to him by Defendant.

5. Based upon the accusations made by Defendant against Counsel and Defendant's request for Counsel's withdrawal, Counsel believes that it would be inappropriate, against the best interest of Defendant, and against the ends of justice to continue his representation of Defendant.

6. Counsel had observed the seeds of Defendant's disgruntlement in other recent encounters with Defendant, but to date Counsel had assumed Defendant was merely reacting to the general stress attendant to his predicament. However, it is now clear that the attorney-client relationship between Counsel and Defendant has broken down and soured to the point that the ends of justice require that Defendant be appointed new counsel to represent him, or alternatively that Defendant be allowed to represent himself, and that Counsel be relieved of his representation of Defendant.

7. Counsel remains ready, willing, and able to aid Defendant's new counsel, if new counsel is appointed, in any manner requested, to become fully acclimated.

8. While Counsel is not formally requesting a hearing regarding this matter, he would be glad to attend a hearing if the Court so desires.

9. It is Counsel's belief that his ability to act as agent for Defendant has been terminated. However, Counsel must make the Court aware that, prior to the unceremonious end of the above-described teleconference, Counsel again addressed with Defendant whether he wants a jury trial or bench trial, and the answer remains unclear. Conversely, it is clear that Defendant would oppose a continuance.

WHEREFORE, Counsel prays that he be relieved of his representation of Defendant and granted leave to withdraw.

Respectfully submitted,

s/J. Russell Pryor

_____
J. RUSSELL PRYOR,
Attorney for Defendant
206 S. Irish St.
Greeneville, TN 37743
(423) 639-0255

CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/J. Russell Pryor

_____
J. RUSSELL PRYOR