UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.: 2:20-CR-065 |
| v. | ) | |
| | ) | |
| EMORY Q. JACKSON | ) | |

## UNITED STATES' RESPONSE TO
## DEFENDANT'S MOTION IN LIMINE NO. 1

The United States of America, by and through the Acting United States Attorney for the Eastern District of Tennessee, responds without opposition, in part, and objects in part to the defendant's motion to preclude the introduction of videos and images of, or reference to the defendant's possession of firearms in this case. (Doc. 98).

The United States does not oppose the preclusion of videos and images showing the defendant's possession of firearms not charged in the indictment. The United States has not filed a motion to offer crimes or other wrong doings by the defendant, pursuant to Rule 404(b) and as such does not intend to solicit testimony or enter into evidence photographs and videos from any witnesses concerning the defendant's possession of other firearms not charged in the indictment, during its case-in-chief.

The United States does not intend to introduce the below listed images and videos (as numbered in defendant's motion, Doc. 98)[1]:

1. Facebook Google Chrome File Path Name: 15-12-32.pgn
2. Facebook Google Chrome File Path Name: 15-12-52.pgn

---

[1] As stated, the United States does not intend to introduce images and videos that do not show the defendant in possession of the indicted firearms. However, the United States has been unable to examine videos: 4. Facebook Google Chrome File Path Name: 15-49-29.pgn; 8. Facebook Google Chrome File Path Name: 17-07-42.mp4. (as numbered in defendant's motion, Doc. 98). The United States asks to reserve argument as to the files if they are the indicted firearms.

3. Facebook Google Chrome File Path Name: 15-13-16.pgn

6. Facebook Google Chrome File Path Name: 12-56-46.mp4

However, should the defendant open the door during cross examination, this response should not be deemed a waiver of the United States' right to impeach the defendant and offer rebuttal.

The defendant further argues that images and videos that will be offered into evidence by the United States should be redacted as they "include foul language, gang-like theme, violence-laced words, and similar sounds to the cocking of a firearm," arguing that it is more prejudicial than probative. (Doc. 98). The United States object to the preclusion or redaction of evidence that is proof of the offenses in this case. "Rule 403 provides a balancing test for excluding relevant evidence. The test is strongly weighted toward admission." *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018).

Below are some of the videos and images the United States intends to offer into evidence during its case in chief (as numbered in defendant's motion, Doc. 98):

5. Facebook Google Chrome File Path Name: 18-09.53.pgn

7. Facebook Google Chrome File Path Name: 13-16-09.mp4

9. Facebook Google Chrome File Path Name: 17-11-31.mp4

10. Facebook Google Chrome File Path Name: 17-16-24.mp4

The United States intends to demonstrate that the listed videos and images show proof of the defendant's possession of a Stroeger 8040-F .40 caliber handgun as charged in Count One of the indictment. The defendant is charged with possessing the firearm on or about January 14, 2020, the above videos and images were posted to social media on January 14, 2020 and the United States contends that they are proof of the possession on that day, though not the only proof of the crime.

While the United States intends to redact the video recordings to only relevant portions, the United States objects to sanitizing the defendant's language for the jury. The defendant has not stated how the foul language or the gun cocking in the videos is prejudicial, nor what portions of the videos exhibit gang culture. The United States believes the defendant's offensive language is inextricably intertwined in the relevant portions of the videos. The defendant's choice of words provides context to the videos and his possession of the firearm. Redacting or substituting the words could harm the probative value of the videos. Specifically, the cocking of the firearm, which the United States contends is evidence of Count One of the indictment. The videos are relevant on many fronts, and the potential prejudice of the videos does not substantially outweigh its probative value.

Wherefore the United States agrees to not submit evidence of the defendant's possession of various other firearms in its case and chief, but objects to the preclusion of the photos and videos that are evidence of the offenses charged as their probative value is not outweighed but any potential prejudice to the defendant.

Respectfully submitted, this Monday, August 9, 2021.

                                              FRANCIS M. HAMILTON III
                                              Acting United States Attorney

By:    s/ *Meghan L. Gomez*
        MEGHAN L. GOMEZ
        Assistant United States Attorney
        FL BPR # 068858
        220 W. Depot Street, Suite 423
        Greeneville, Tennessee 37743
        (423) 639-6759
        meghan.gomez@usdoj.gov